# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
# PEORIA DIVISION

| | | |
|---|---|---|
| NATIONAL LABOR RELATIONS BOARD, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 08-cv-1361 |
| INTERNATIONAL UNION OF OPERATING ENGINEERS, LOCAL 150, AFL-CIO, | ) ) ) ) | |
| Defendant. | ) | |

## O P I N I O N and O R D E R

Before the Court is the Motion to Dismiss filed by Defendant, International Union of Operating Engineers, Local 150, AFL-CIO [Doc. 12]. For the reasons set forth below, the Motion is DENIED.

### BACKGROUND

On December 18, 2008, Plaintiff filed an "Application for Order Enforcing Investigative Subpoena *Duces Tecum*" [Doc.1]. Defendant entered its appearance on January 21, 2009 [Doc. 6-8]. On August 21, 2009, this Court granted in part the Motion and ordered Defendant to show cause why it should not respond to the subpoena. Defendant now has filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(5) arguing that it was not properly served and that this Court therefore lacks personal jurisdiction to issue the show cause Order to Show Cause.

It is undisputed that Plaintiff served the Subpoena *duces tecum* upon Defendant on November 14, 2006. It is also undisputed that Plaintiff mailed (by regular mail), a copy of the Motion/Complaint to Defendant on the same day that it was filed with this Court, December 18, 2008 [Doc. 5]. There is no showing, however, that Defendant formerly waived service of process or that summons and a copy of the Motion/Complaint was served upon Defendant.

## DISCUSSION

Defendant has filed a reply to the response to the Motion to Dismiss. Reply briefs are not permitted per Local Rule 7.1(B)(3). Therefore, the Reply brief [Doc. 16] is hereby STRICKEN.

Federal Rule of Civil Procedure 12(b)(5) provides for the filing of a motion challenging sufficiency of process. Once Defendant has challenged service of process, Plaintiff bears the burden on proving that service was proper. See Claus v. Mize, 317 F.3d 725, 727 (7th Cir. 2003).

Service of process is governed by Rule 4. The Rule provides, among other things, that the summons and Complaint must be served upon Defendant (unless service is waived), it must be served in one of the ways specified in the Rule, and it must be served within 120 days of the filing of a Complaint. In this case, service must be accomplished by a person who is at least 18 years old and by either following state law on service (in this case Illinois law), or by delivering a copy of the summons and Complaint to an agent of Defendant. FED.R.CIV.PRO. 4(c)(2) and 4(h)(1)(B). Service can be waived by Defendant if Plaintiff complies with the provisions of Rule 4(d) by, in part, notifying Defendant of the lawsuit in writing,

2

provide a copy of the Complaint and waiver forms, informing Defendant of the consequences of waiving, and giving Defendant a reasonable opportunity to return the waiver.  Rule 4(l) finally provides that proof of service must be made to the Court unless service is waived.

Plaintiff failed to either properly serve Defendant or successfully request a waiver.  Plaintiff makes no attempt to show that it actually served Defendant in accordance with Rule 4(h).  Plaintiff has not filed an affidavit as required by Rule 4(l) that would provide proof of service.  Nor has Plaintiff submitted any documentation with its response that would constitute proof of service.  Plaintiff therefore has not met its burden of proof.

Plaintiff does appear to argue, however, that Defendant waived service of process.  In making this argument, Plaintiff relies on the letter sent to Defendant on December 18, 2008.  While the letter included a copy of the Motion and was sent by mail, it does not otherwise comply with the dictates of Rule 4(d).  There was no notice, no inclusion of the waiver form, and no Rule 4(d)(1)(D) warning.  Plaintiff seems to argue that Defendant was obliged to request formal service (or perhaps request formal waiver of service documents) after Plaintiff sent the letter on December 18, 2008.  However, "[n]othing in Rule 4 obliges a defendant to execute a waiver of service" and the Rule explicitly places the burden on Plaintiff to serve within the time provided by Rule 4(m).  Troxell v. Fedders of North America, Inc., 160 F.3d 381, 383 (7th Cir. 1998)   Moreover, Plaintiff has failed to file any such signed waiver.  As such, this Court can only find that Defendant did not waive service of process.

Perhaps recognizing that its argument is without merit, Plaintiff falls back to a "good faith" argument and states that while it may not have complied with the "letter of the law" then it "certainly [complied] with the spirit of the law." Plaintiff's certainty is misplaced. The Seventh Circuit has stated that: "This court has long recognized that valid service of process is necessary in order to assert personal jurisdiction over a defendant. Moreover it is well recognized that a defendant's actual notice of the litigation is insufficient to satisfy Rule 4's requirements. Mid-Continent Wood Products, Inc. v. Harris, 936 F.2d 297, 301 (7th Cir. 1991) (citations and editing marks omitted); United States v. Ligas, 549 F.3d 497, 500 (7th Cir. 2008) ("A district court may not exercise personal jurisdiction over a defendant unless the defendant has been properly served with process, and the service requirement is not satisfied merely because the defendant is aware that he has been named in a lawsuit or has received a copy of the summons and the complaint."). Rule 4 is not merely a suggestion of how to inform a Defendant of suit against him: It is a necessary list of requirements that would ensure that this Court has personal jurisdiction over Defendant. Central Laborers' Pension, Welfare and Annuity Funds v. Griffee, 198 F.3d 642, 644 (7th Cir. 1999) (noting that a Court does not have jurisdiction over an un-served defendant unless he waives service or makes an appearance without reserving an objection to jurisdiction).[1]

Plaintiff finally prays that "if" this Court were to find insufficient service of process then it should be afforded additional time to effect service. Rule 4(m) provides that the time for service *must* be extended by the Court if Plaintiff shows

---

[1] Plaintiff makes no argument that Defendant has waived its objection to personal jurisdiction.

"good cause for the failure" to serve within the 120 days allotted.  Plaintiff has not attempted to show good cause for the failure to serve.  Instead, Plaintiff has erroneously chosen to focus on Defendant's supposed shortcomings in failing to make sure that it was served – a focus that puts Rule 4 on its head.   Therefore, this Court is not required to extend the 120 day period.

However, this Court *may*, at its discretion, extend the time period for service even without a showing of good cause.  Henderson v. United States, 517 U.S. 654, 662-662 (1996); Ligas, 549 F.3d at 501; Troxell, 160 F.3d 382-383.  This lawsuit was filed at the end of 2008 for a seemingly simple reason: to compel Defendant to comply with a duly served subpoena *duces tecum* that was initially served on November 14, 2006.  Defendant challenged the enforceability of the subpoena before the NLRB but was unsuccessful.  Defendant then, apparently, refused to comply with the subpoena.  Thus, it has been over 3 years since the subpoena was served and over a year since this lawsuit was filed with no resolution of this dispute.  If this case were to be dismissed without prejudice, the Court is not aware of any impediment, such as a statue of limitations, which would prevent Plaintiff from refiling this lawsuit.  Defendant is certainly aware of this lawsuit, aware of the issues involved, and has actively denied enforceability of the subpoena.  Dismissal, then, would only function to delay this matter further and unnecessarily expend judicial resources.  See FED.R.CIV.PRO. 1 (stating that the Rules "should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding").  Therefore, despite Plaintiff's

abysmal failure at serving Defendant, it is GRANTED until February 15, 2010 to effect service upon Defendant.

## CONCLUSION

For the foregoing reasons, the Motion to Dismiss filed by Union of Operating Engineers, Local 150, AFL-CIO [Doc. 12] is DENIED. Plaintiff is GRANTED until February 15, 2010 to effect service. Plaintiff is reminded to comply with Rule 4(l) and provide proof of service to the Court. The Reply brief filed on September 25, 2009 [Doc. 16] is STRICKEN.

In light of the foregoing, the Order to Show Cause issued on August 21, 2009 [Doc. 11] is VACATED. The Motion for Order Enforcing Investigative Subpoena *Duces Tecum* [Doc. 1] and the Motion to Supplement [Doc. 9] are TAKEN UNDER ADVISEMENT. In light of the time that has elapsed in resolving this matter, the Court suggests that the parties work expeditiously to conclude this dispute.

Entered this 29th day of January, 2010

                                                      s/ Joe B. McDade
                                                    JOE BILLY MCDADE
                                                United States District Judge