# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
# PEORIA DIVISION

| | | |
|---|---|---|
| NATIONAL LABOR RELATIONS BOARD, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 08-cv-1361 |
| INTERNATIONAL UNION OF OPERATING ENGINEERS, LOCAL 150, AFL-CIO, | ) ) ) ) ) | |
| Defendant. | ) | |

## O P I N I O N and O R D E R

On February 28, 2011, this Court denied Defendant's Motion to Dismiss and/or Quash or in the Alternative for Judgment on the Pleadings and Motion to File a Reply Brief (Doc. 32). Thereafter, on March 10, 2011, the Court initiated a telephone hearing, advising the parties that Plaintiff's November 9, 2006 subpoena duces tecum to William E. Dugan, Defendant's President and Business Manager, which is the subject of this proceeding, shall be enforced and instructing Plaintiff to prepare an Order granting enforcement of the subpoena, with an attached agreed upon schedule for the production of documents, including language providing for the confidentiality of certain personal information contained within the documents. The parties, however, were unable to agree upon a schedule of production.

Therefore, IT IS HEREBY ORDERED that:

1. Plaintiff s Application for an Order Enforcing its Investigative Subpoena Duces Tecum to William E. Dugan, Defendant's President and Business

Manager, is **GRANTED** and the Subpoena is **ENFORCED** as to all items sought;

2. Defendant International Union of Operating Engineers, Local 150, AFL-CIO, shall produce all the subpoenaed documents to Plaintiff in the manner, on the dates and at the times and places specified in the attached production schedule (Exhibit A);

3. The parties shall abide by the confidentiality provisions agreed to in the attached production schedule; and

4. The Court shall retain jurisdiction of this matter for at least 6 months from the date of this Order for purposes of enforcing the schedule attached to this Order. This matter is referred to the Magistrate Judge for such enforcement.

Entered this 31st day of March, 2011

                                                                s/ Joe B. McDade
                                                             JOE BILLY MCDADE
                                          United States Senior District Judge

# EXHIBIT A: SCHEDULE OF PRODUCTION OF SUBPOENAED DOCUMENTS AND ELECTRONICALLY STORED INFORMATION

Defendant shall produce all documents subpoenaed by Plaintiff in its November 9, 2006 Investigative Subpoena Duces Tecurn to Defendant's President and Business Manager William E. Dugan (attached) as follows:

1.  Defendant shall produce copies of all items requested in paragraphs 6, 10, 11, 12, 13, 14, 15, and 16 of the Investigative Subpoena *by each Union District referral hall*. At least five business days before the date of production set forth below, Defendant shall designate and identify the custodian of records from the referral hall who shall appear at Plaintiff s Subregional office, 300 Hamilton Blvd., Suite 200, Peoria, Illinois 61602 (hereafter "Plaintiff s Subregional office") at 9:30 a.m. on the date specified to provide sworn testimony regarding the documents produced. The taking of sworn testimony shall continue from day to day until completed.

    | | | |
    |---|---|---|
    | A. | District 4 (Rockford, IL) | April 5, 2011 |
    | B. | District 5 (Utica, IL) | April 26, 2011 |
    | C. | District 8 (Rock Island, IL/West Burlington, IA) | May 17, 2011 |
    | D. | District 2 (Joliet, IL) | June 7, 2011 |
    | E. | District I (Countryside, IL) | June 28, 2011 |
    | F. | District 6 (Lakeville, IN) | July 19, 2011 |
    | G. | District 7 (Merrillville, IN) | August 9, 2011 |
    | H. | District 3 (Lakemoor, IL) | August 3 0, 2011 |

2.  Defendant shall produce copies of all items requested in paragraphs 1, 2, 3, 4, 5, 7, 8, and 9 of the Investigative Subpoena at Plaintiff s Subregional office by no later than Monday, June 14, 2011, and shall designate a custodian of records who shall appear at Plaintiff s Subregional office at 9:3 0 a.m. on or before May 10, 2011 to provide sworn testimony regarding the documents produced.

3.  In lieu of copies of any of the subpoenaed items, Defendant may produce at Plaintiff's Subregional office, by no later than the respective dates and times specified above, electronically stored information (ESI) responsive to the investigative subpoena. If Defendant elects to provide information electronically, it shall also provide to Plaintiff the software (e.g., North Star Computer Consultant programs used by Defendant to track referrals, members, employer orders, etc. and to generate reports) and hardware (e.g., portable disk drives) necessary to access, convert and sort the ESI.

4. Nothing in this schedule precludes the parties from agreeing on another, more expeditious or efficient manner of production.

5. To protect the confidentiality of individuals' personal information (that is, complete social security numbers and complete residence addresses), Defendant may produce documents, redacting the first five digits of the individuals' social security numbers and their residence street names and numbers, but not cities and states. Should Defendant produce the requested information electronically and redacting of personal information described above is impracticable, Plaintiff shall not disclose or distribute personal information as described above to any person or entity other than the following:

    A. employees of the Plaintiff National Labor Relations Board;
    B. persons retained by Plaintiff to serve as expert witnesses or otherwise provide advice to counsel in connection with this action;
    C. the District Court and its support personnel;
    D. stenographers engaged to transcribe hearings in this matter;

6. All unredacted personal information filed with the District Court or with the Board[1] and any pleadings, motions, exhibits, or other papers filed with the District Court or the Board disclosing unredacted personal information, shall be filed under seal and kept under seal until further order of the District Court or the Board.

7. The procedures for use of unredacted personal information during any hearing or trial before the District Court or the Board shall be determined by the parties and the District Court or the Board in advance of the hearing or trial. The parties shall consider, where practicable, redacting personal information as described above (omitting the first five digits of social security numbers and the street name and number of individuals' personal residences) or (2) requesting leave of the District Court or the Board to submit personal information under seal. No party shall disclose personal information in open Court or an open proceeding before the Board without prior consideration by the Court or Board.

8. If a disagreement among the parties regarding whether certain information is personal cannot be resolved, then the dispute may be presented to the District Court or the Board, wherever the matter is pending at the time, for resolution by motion or otherwise.

---

[1] As used in paragraphs 6, 7, and 8 herein, "the Board" refers to the National Labor Relations Board in its adjudicative capacity not to Plaintiff National Labor Relations Board in its investigatory capacity.

9. At the conclusion of six months following the resolution of this action by settlement or final judgment, and the termination of any appeal therefrom, Plaintiff shall return to Defendant all electronic copies of ESI containing personal information, and any unredacted paper copies thereof that remain in Plaintiff s possession or control.


Entered this 31st day of March, 2011


                 s/ Joe B. McDade
                 JOE BILLY MCDADE
               United States Senior District Judge